USAO#2025R00675/DHR

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FILED
SEP 15 2025
1:34PM
AT 8:30
CLERK, U.S. DISTRICT COURT - DNJ

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Evelyn Padin |
| v. | : | Crim. No. 25-553 |
| VANESSA VASQUEZ | : | 18 U.S.C. § 1349 |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges as follows:

### (Conspiracy to Commit Bank Fraud)

### Background

1. At all times relevant to this Indictment:

    a. Cash Flow, LLC ("Cash Flow") was a business-consulting firm with offices in New Jersey and New York.

    b. Defendant Vanessa Vasquez ("VASQUEZ") was a resident of Bergen County, New Jersey. VASQUEZ worked at Cash Flow from in or around November 2017 until in or around September 2019, primarily in Cash Flow's File Building Department.

    c. The "Victim Banks" were federally insured financial institutions, as that term is defined in 18 U.S.C. § 20.

### The Conspiracy

2.     From in or around November 2017 through in or around September 2019, in the District of New Jersey and elsewhere, the defendant,

### VANESSA VASQUEZ,

knowingly and intentionally conspired with others to execute and attempt to execute a scheme and artifice to defraud financial institutions, as defined in Title 18, United States Code, Section 20, whose deposits were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of those financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Sections 1344(1) and (2).

### Goal of the Conspiracy

3.     It was the goal of the conspiracy for VASQUEZ and others (the "Co-conspirators") to enrich themselves and others by obtaining loans and credit cards from banks, including the Victim Banks, through materially false representations.

### Manner and Means of the Conspiracy

4.     It was part of the conspiracy that:

a.     Cash Flow released internet and radio advertisements and held seminars offering to assist potential customers in obtaining loans. Potential customers that contacted Cash Flow in response to Cash Flow's marketing were routed to sales brokers in the "Sales Department."

b.     Employees in the Sales Department encouraged customers to use Cash Flow's services to obtain a personal bank loan and/or a credit card. Once

customers agreed to utilize Cash Flow's services, sales agents directed customers to provide Cash Flow representatives with the requisite documentation for a personal bank loan or credit card application, including pay stubs and income tax information.

    c. Cash Flow's "File Building Department" then assembled a bank loan or credit card application for the customer and prepared, or "built," an application file. In many instances, the File Building Department's personnel prepared applications that falsified material information related to a customer's employment and income. Specifically, if a customer was unemployed or if a customer had insufficient income to qualify for a bank loan or credit card, Cash Flow personnel falsely stated on bank applications that the customer was employed at a specific job and created phony pay stubs and tax documents for a bogus job. This was known at Cash Flow as providing a "second source" for unemployed customers and for customers whose income at their current job was insufficient to obtain a loan or credit card. In addition, if a customer's income was too low to qualify for a bank loan or credit card, employees in the File Building Department falsely inflated the customer's salary.

    d. VASQUEZ was a member of the File Building Department from at least in or around December 2017, and headed the File Building Department from at least in or around April 2018 through in or around October 2018, which included her managing and coordinating fictitious "second sources" in loan application files. For example:

      i. On or about March 14, 2018, VASQUEZ wrote an email to a Co-conspirator, in part explaining that a customer ("Customer 1") would need a

3

fictitious second source: "*[Customer 1]* needs a second source of income but he doesn't have it!! *he needs help with that !!!*"

    ii.  On or about September 14, 2018, VASQUEZ wrote an email to other employees of Cash Flow, in part explaining that a Cash Flow customer would need a fictitious second source:

> Is [sic] the client is self-employed, and the Bussiness [sic] is under their name, we need another source of income. They can provide a Letter from another business/Company/Friend that own a business Etc.

  e. VASQUEZ was aware at all relevant times that "second sources" were fictious sources of income. For example, VASQUEZ received an email that stated, in substance and in part, that a second source of employment is needed for a client because "HOME ATTENDANTS DO NOT MAKE SUFFICIENT MONEY." Similarly, VASQUEZ was party to communications in which Co-conspirators discussed, among other things, how a "second source" job at a beauty salon would not realistically "earn" the amount claimed in the application file.

  f. VASQUEZ was also aware that Cash Flow paid kickbacks, known as "second source payments," to companies that agreed to be fraudulently listed as employers in falsified bank loan or credit card applications.

In violation of Title 18, United States Code, Section 1349.

4

## FORFEITURE ALLEGATION

1. Upon conviction of the offense charged in this Indictment, VASQUEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violation, and any property traceable to such property.

### Substitute Assets Provision

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to

seek forfeiture of any other property of the defendant up to the value of the value of the above forfeitable property.

A TRUE BILL

TODD BLANCHE
U.S. Deputy Attorney General

*Alina Habba /RLW*
ALINA HABBA
Acting United States Attorney
Special Attorney

*Daniel Rosen*
DANIEL H. ROSENBLUM
Assistant United States Attorney

6

CASE NUMBER: 25-553

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

VANESSA VASQUEZ

## INDICTMENT FOR

18 U.S.C. § 1349

A True Bill,



TODD BLANCHE
UNITED STATES DEPUTY ATTORNEY GENERAL

ALINA HABBA
ACTING UNITED STATES ATTORNEY
SPECIAL ATTORNEY

DANIEL H. ROSENBLUM
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-645-2767